IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MARY L. HARP,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 04-cv-0951-MJR |
| | ) | |
| **CHARTER COMMUNICATIONS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

This action was filed on December 21, 2004. Plaintiff is a former employee of Defendant. Plaintiff alleges that after alerting her superiors to accounting practices that she felt were in violation of the Sarbanes-Oxley Act, **18 U.S.C. §1514A et seq.**, she was terminated on February 25, 2004. She alleges that this termination was in retaliation for her bringing the suspected violation to the attention of her superiors. She brings count I of her complaint under **18 U.S.C. §1514A(b)(1)(B)**, which provides for such actions. Her second count is an Illinois state law claim of retaliatory discharge.

On February 11, 2005, Defendant moved to dismiss count II of Plaintiff's complaint, arguing that the state law claim was preempted by the federal statute. Defendant filed a memorandum of law in support of its motion. Plaintiff replied to Defendant's motion and filed a memorandum of law in support thereof. The Court now considers the motion.

The Illinois Supreme Court recognized the tort of retaliatory discharge in ***Kelsay v. Motorola, Inc.*, 384 N.E.2d 353 (Ill. 1978)**. That court did so in large part to protect individuals who, by asserting the interest of society at large, jeopardize their own livelihoods. Defendant cites

1

*Palmateer v. Int'l Harvester Co.*, **421 N.E.2d 876 (Ill. 1981)**, as evidence that retaliatory discharge is only a narrow exception to the employment at will doctrine. But *Palmateer*, though stating that a cause of action "is denied where ... only private interests are at stake," *id.* **at 879**, also recognized that avoiding statutory violations is a crucial matter of public policy, *id.* **at 878-80 ("[P]ublic policy nevertheless favors citizen crime-fighters.")**.

The Seventh Circuit has made clear that the availability of a federal remedy does not automatically preclude a state retaliatory discharge claim. ***See Arres v. IMI Cornelius Remcor, Inc.*, 333 F.3d 812, 813 (7th Cir. 2003); *Brandon v. Anesthesia & Pain Mgmt. Assocs., Ltd.*, 277 F.3d 936, 940-44 (7th Cir. 2002); *Fanslow v. Chi. Mfg. Ctr., Inc.*, 384 F.3d 469 (7th Cir. 2004); *Frobose v. Am. Sav. & Loan Ass'n of Danville*, 152 F.3d 602 (7th Cir. 1998).** The Illinois Supreme Court has carved out some narrow exceptions. For example, Defendant relies on *Balla v. Gambro, Inc.*, **584 N.E.2d 104 (Ill. 1991)**, as support for the proposition that state law disfavors a tort claim when other adequate remedies are available. Again, Defendants have misstated the thrust of their authority. *Balla* concerned in-house legal counsel, a facet of the case the Illinois Supreme Court treated at length, but which is not present in the case at bar. *Balla* ruled that legal counsel cannot bring actions for retaliatory discharge because it might negatively impact the attorney-client relationship, and because of their dual obligations not only to be faithful employees but to comport with the Model Rules of Professional Conduct. It is unclear that *Balla* is in any way relevant to the instant case.

The case most closely on point is *Johnson v. World Color Press, Inc.*, **498 N.E.2d 575 (Ill. App. 1986), appeal denied, 505 N.E.2d 353 (Ill. 1987)**. Although decided before Congress passed the Sarbanes-Oxley Act, *Johnson* ruled that a claim of retaliatory discharge could

be maintained where the employee's action was to disclose accounting practices which he believed to be violations of federal securities laws.  The Court finds no reason why *Johnson* would not or should not apply to a more recent federal securities law.

Accordingly, the Court **DENIES** Defendant's motion to dismiss Count II of Plaintiff's complaint (Doc. 13).

**IT IS SO ORDERED.**

**DATED this 25th day of August, 2005.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**
