IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARY L. HARP,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil No. **04-951-MJR** |
| **CHARTER COMMUNICATIONS, INC.,** ) | |
| ) | |
| Defendant. ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the court are Plaintiff's Motion to Compel Production of Documents Requested in Fifth Request for Production and Plaintiff's Motion to Compel Production of Documents Requested in Sixth Request for Production. **(Docs. 30 and 46)**.

The motions have been fully briefed. Defendant filed responses at **Docs. 33** and **51**. Plaintiff filed a reply at **Doc. 34.**

Plaintiff is suing her former employer, Charter Communications, Inc., for allegedly firing her in retaliation for protected activity in violation of the federal Sarbanes-Oxley Act, 18 U.S.C. § 1514A and in violation of Illinois common law. Plaintiff was in charge of a department which audited cable users to identify persons who were unauthorized users, i.e., who were stealing cable television services. One of plaintiff's responsibilities was to oversee technical audit work done by a company named MSTA, Inc., under a contract with Charter. Plaintiff became suspicious that MSTA was overcharging Charter. According to the complaint, she was discharged because she "reported certain acts involving improper payments to and/or billing by" MSTA, and she complained to a vice-president that those acts "were a fraud against defendant's stockholders." **Doc. 1, ¶¶ 7, 18.** Plaintiff was terminated on February 25, 2004.

**Fifth Request for Production**

The first motion to compel seeks documents requested in plaintiff's fifth request for production. The fifth request and defendant's objections thereto are attached to **Doc. 30** as **Exhibit 2.**

The context of the requests is as follows. Defendant has enacted a Corporate Code of Conduct, which requires an employee to report violations of the code, as well as behavior that the employee believes to be illegal or unethical. **Exhibit B, Doc. 33.** According to plaintiff, defendant has produced a videotape which showed defendant's training of high level employees about procedures to be followed in connection with ethics complaints. **Doc. 30, ¶2**. The documents requested relate to these procedures. Plaintiff states that she is seeking these documents "to see if defendant followed its own procedures, with respect to plaintiff's complaint and with respect to ethics complaints in general." **Doc. 30, ¶2**.

The requests are obviously overbroad and seek irrelevant documents. Plaintiff is seeking documents relating to the handling of ethics complaints other than her own. Request number 1 seeks the compliance manual described in the video, including the "log of offenses and response." Request number 2 seeks "All documents reflecting and/or referring to the compliance officer's reports to the audit committee, for the period 1/1/03 through 12/31/04." Request number 3 seeks all agendas of your Board of Directors" from January 1, 2003, to the present. Numbers 4 and 5 seek all minutes of the Board referring to reports by the compliance officer, and all documents presented to the Board relating to compliance reporting.

In her reply, plaintiff argues that the manner in which defendant treated her complaint is in issue. As she puts it, "did defendant take plaintiff's complaint seriously, as might be indicated

by adherence to established procedures for handling such complaints or did defendant, instead, get rid of the messenger?" **Doc. 34, p. 2**. While defendant's handling of plaintiff's complaint may be relevant, defendant's handling of other ethics complaints is not.

### Sixth Request for Production

Requests numbers 1 and 2 of the sixth set are the same as numbers 4 and 5 of the fifth set. Numbers 4 and 5 in the fifth set referred to the videotape, but identified it by an incorrect Bates number designation. The sixth set of requests for production corrects the designation of the videotape. Number 3 was partially complied with by defendant, and is evidently not in issue, as plaintiff does not refer to it at all in her motion to compel. The court's ruling as to the sixth set is the same as the ruling as to the fifth set, for the reasons set forth above.

Upon consideration and for good cause shown, Plaintiff's Motion to Compel Production of Documents Requested in Fifth Request for Production and Plaintiff's Motion to Compel Production of Documents Requested in Sixth Request for Production **(Docs. 30 and 46)** are **DENIED**.

**IT IS SO ORDERED.**

**DATE: October 31, 2006.**

                                                 **s/ Clifford J. Proud**
                                                 **CLIFFORD J. PROUD**
                                                 **UNITED STATES MAGISTRATE JUDGE**