IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARY L. HARP,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil No. **04-951-MJR** |
| **CHARTER COMMUNICATIONS, INC.,** ) | |
| ) | |
| Defendant. ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the court is Plaintiff's Motion to Compel Defendant to Produce Documents and Answer Deposition Questions. **(Doc. 66)**. Defendant has filed a response. **(Doc. 74)**.

Plaintiff asks the court to either order defendant to produce all documents which it has withheld on a claim of attorney-client privilege, or to conduct an in camera review of same, and to order defendant to produce for deposition various witnesses whose previous testimony was limited on a claim of privilege.

Plaintiff's motion does not seek to compel compliance with any particular request for production. Presumably, the privilege log was created in response to a request by plaintiff for documents, formal or informal. Plaintiff has attached a copy of the first privilege log to her motion. **See, Exhibits 1 and 2, attached to Doc. 67.** Plaintiff argues that all the documents on the log should be produced because (1) defendant has not established that the privilege applies, and (2) the documents fall within the crime-fraud exception to the privilege.

The court denies the motion. The deadline for discovery in this case was August 31, 2006. **See, Doc. 27.** Defendant has submitted to chambers a copy of its first privilege log which includes a certificate of service showing that it was mailed to plaintiff on March 30, 2006.

1

Defendant's response to the motion states that the first privilege log was produced to plaintiff on March 26, 2006.  **See, Doc. 74, p.2**.  In either case, the privilege log was served on plaintiff approximately five months before the close of discovery.

Despite the fact that she had the privilege log for some time, plaintiff waited until November 7, 2006, to file the instant motion.  This motion was filed *after* the deadline for completion of discovery, and *after* the court had already denied plaintiff's motions to compel production of documents requested in her fifth and sixth requests for production.  Those motions to compel were denied because plaintiff's requests were overbroad and sought irrelevant documents.  **See, Doc. 63.**  Judge Reagan has since rejected plaintiff's appeal of that order, finding that it was "neither clearly erroneous nor contrary to law."  **Doc. 73, p.2.**

The court does not have before it the discovery requests which prompted the preparation of the privilege log.  The court has already found that numerous of plaintiff's discovery requests are improper.  It is quite possible that at least some of the documents listed on the privilege log are responsive to requests which are not proper and which have been objected to for reasons other than attorney-client privilege.  In addition, the log asserts work product with respect to many of the documents, a claim which is overlooked by plaintiff in her motion.

For the foregoing reasons,  Plaintiff's Motion to Compel Defendant to Produce Documents and Answer Deposition Questions **(Doc. 66)** is **DENIED**.

    **IT IS SO ORDERED.**

    DATE:  December 13, 2006.

                                                          s/ Clifford J. Proud
                                                          **CLIFFORD J. PROUD**
                                                          **UNITED STATES MAGISTRATE JUDGE**